IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL McNEIL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BOARD OF TRUSTEES FOR NORTHERN ILLINOIS UNIVERSITY<br><br>　　　　Defendant. | Case No.<br><br><br><br><br><br><br><br>Jury Demanded |

## COMPLAINT

　　This is a civil action brought by Michael McNeil ("Plaintiff" or "Mr. McNeil"), and against Board of Trustees for Northern Illinois University ("Defendant" or "NIU"), for violations of his equal right to enforce contracts, as provided in 42 U.S.C. §1981; his right to protection from wrongful termination under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §2000e *et seq*., and right to protection from wrongful termination under the Illinois Human Rights Act, 775 ILCS 5/1-101 *et seq.* ("IHRA"). Plaintiff claims that the Defendant wrongfully terminated him because of direct discrimination and discriminatory policies and practices.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and §1343 for all claims at Federal Law. This action is authorized and instituted pursuant to 42 U.S.C. §1988 for 42 U.S.C. §1981.

2. Supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367 for the IHRA claim as the claim arises from the same case or controversy as the claims under federal law.

## PARTIES

3. Plaintiff Michael McNeil. is an African American male with dark skin. Mr. McNeil is a resident of the State of Illinois. He is an employee, hired under a collectively bargained contract, an employee within the meaning of Title VII and the ADEA, and a member of a protected class under 42 U.S.C. §1981.

4. Defendant, NIU is a public university established pursuant to 110 ILCS 680/30 *et. seq.* doing business within the jurisdiction of the Northern District of Illinois. Defendant hired Plaintiff under a collectively bargained agreement.

## FACTS COMMON TO ALL COUNTS

5. Plaintiff began his employment with NIU in October 1999 as a custodian.

6. At all relevant times, Plaintiff worked pursuant to a collective bargaining agreement between NIU and the American Federation of State, Municipal, County Employees Local 963 ("Collective Bargaining Agreement" or "CBA").

7. On or about February 6, 2020 the Defendant placed Plaintiff on an unpaid leave of absence due to false allegations that the Plaintiff was taking breaks from work in an empty classroom at times that were not within authorized break periods.

8. On or about November 23, 2020 Plaintiff learned that he was discharged from employment due to the false allegations stated in Paragraph 8 above.

9. Upon information and belief there is no policy or rule prohibiting custodians from taking breaks inside unoccupied classrooms.

10. Upon information and belief there is no policy or rule that establishes when custodians can take an authorized break. Stating further, Section 8 of the CBA states that "[e]mployee should not clock out during paid break time".

11. Upon information and belief Defendant did not progressively discipline the Plaintiff for allegedly taking breaks in improper areas or at unauthorized times as required under the collectively bargained agreement or NIU HR policies.

12. Upon information and belief similarly situated non-African American employees were treated more favorably by the Defendant as they have not been disciplined or discharged for similar or more egregious alleged misconduct.

13. The Defendant discriminated against the Plaintiff in terminating his employment and the stated reason for termination was pretextual.

14. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission which was also cross filed with the Illinois Department of Human Rights, attached hereto as **Exhibit A**.

15. On March 25, 2021, the EEOC issued Plaintiff a Right to Sue Letter, attached hereto as **Exhibit B**.

16. On June 23, 2021, Plaintiff timely filed this action against the Defendant.

## COUNT I: VIOLATION OF 42 U.S.C. § 1981 AND TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

17. Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

18. Defendant subjected Plaintiff to discrimination on the basis of his race.

19. Defendant subjected Plaintiff to different terms and conditions of employment which constitutes unlawful discrimination on the basis of race in violation of 42 U.S.C. Section 1981.

20. The effect of the conduct was to deprive Plaintiff of economic opportunities, and otherwise adversely affect Plaintiff's status as an employee, because of his race.

21. As a direct and proximate result of these actions, Plaintiff has suffered emotional distress, economic, compensatory and other consequential damages.

22. Defendant's actions constitute willful, reckless, and malicious discrimination in violation of Title VII, entitling Plaintiff to punitive damages thereunder.

WHEREFORE, Plaintiff requests that this Court grant the following relief:

   (a) Award Plaintiff compensatory damages in an amount to be determined at trial;

   (b) Award Plaintiff back pay, front pay, lost wages, punitive damages, prejudgment interest, post-judgment interest, and costs including reasonable attorney fees and expert witness fees;

   (c) Reinstate Plaintiff in his position working for the Defendant;

   (d) Grant other such relief as the Court may find appropriate.

## COUNT II: VIOLATION OF THE ILLINOIS HUMAN RIGHTS ACT

23. Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

24. Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of his race in violation Illinois Human Rights Act 755 ILCS 5/*et seq.*

25. Defendant has willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

26. The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunities and has otherwise adversely affected her status as an employee because of his race.

27. As a direct and proximate result of Defendant's violation of IHRA, Plaintiff has been made

4

the victim of acts that have adversely affected his economic, psychological, and physical well-being.

28. Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

WHEREFORE, Petitioner requests that this Court grant the following relief:

(a) Award Plaintiff compensatory damages in an amount to be determined at trial;

(b) Award Plaintiff back pay, front pay, lost wages, punitive damages, prejudgment interest, post-judgment interest, and costs including reasonable attorney fees and expert witness fees;

(c) Reinstate Plaintiff in his position working for the Defendant;

(d) Grant other such relief as the Court may find appropriate.

    Respectfully submitted,
    Golden Law

    /s/ Daniel W. Diamond
    /s/ Shanita Q. T. Straw
    Daniel W. Diamond
    Shanita Q. T. Straw
    Attorneys for Plaintiff

Daniel W. Diamond (6323815)
Shanita Q.T. Straw (6298398)
Golden Law
Attorney for Plaintiff
6602 Roosevelt Road
Oak Park, Illinois 60304
(708) 613-4433

Exhibit A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>440-2021-00935 |
|---|---|---|

**ILLINOIS DEPARTMENT OF HUMAN RIGHTS** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.)<br>**MR. MICHAEL D MCNEIL** | Home Phone<br>**(815) 754-5689** | Year of Birth |
|---|---|---|

Street Address / City, State and ZIP Code
**1748 MOLUF STREET, DEKALB, IL 60115**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name<br>**NORTHERN ILLINOIS UNIERSITY** | No. Employees, Members<br>**501+** | Phone No.<br>**(815) 753-1774** |
|---|---|---|

Street Address / City, State and ZIP Code
**1425 W LINCOLN HWY, ALTGELD HALL 330, DEKALB, IL 60115**

| Name | No. Employees, Members | Phone No. |
|---|---|---|

Street Address / City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: **11-23-2020**   Latest: **11-23-2020**
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**I was hired by Respondent on or about October 2, 1999. My job title was Custodian. During my employment, I have been subjected to discipline. On or about November 23, 2020, I learned that I was discharged. Similarly situated non-Black employees have not been disciplined or discharged.**

**I believe that I have been discriminated against because of my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended.**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>**Digitally signed by Michael Mcneil on 11-29-2020 06:36 PM EST** | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

**1. FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

**2. AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

**3. PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

**4. ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

**5. WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so <u>within 15 days</u> of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an

investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

EEOC Form 161 (11/2020)      **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| **To:** Michael D. McNeil<br>1748 Moluf Street<br>Dekalb, IL 60115 | **From:** Chicago District Office<br>230 S. Dearborn<br>Suite 1866<br>Chicago, IL 60604 |

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2021-00935 | Eric Lamb,<br>Investigator | (312) 872-9677 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Julianne Bowman/dis*      3/25/2021

Enclosures(s)      **Julianne Bowman,**
**District Director**      *(Date Issued)*

cc: **James G. Guagliardo, Esq.**
**Special General Counsel**
**NORTHERN ILLINOIS UNIVERSTIY**
**Altgeld Hall, Suite 330**
**Dekalb, IL 60115**

Enclosure with EEOC
Form 161 (11/2020)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *issued* to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***

Enclosures(s)

cc: